# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD COOPER, | ) |
| | ) Civil Action No. 15 – 267 |
| Plaintiff, | ) |
| | ) |
| v. | ) Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| SGT. MARTUCCHI, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Before the Court is a Motion to Dismiss or, in the alternative, Motion for Summary Judgment filed by Defendant Dr. Jin on August 10, 2015. (ECF No. 40.) In support of his Motion, Dr. Jin argues that Plaintiff is barred from pursuing a federal cause of action because he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. In the alternative, Dr. Jin argues that he is entitled to summary judgment because the medical records do not support a claim of deliberate indifference to a serious medical need for which Plaintiff may pursue under the Eighth Amendment.

Dr. Jin's Motion as it relates to the exhaustion of Plaintiff's administrative remedies must be denied without prejudice. The only evidence Dr. Jin submits to support his argument is a letter to his counsel from Keri Moore, Pennsylvania Department of Corrections ("DOC") Grievance Review Officer, wherein she states that Plaintiff has not appealed any of his grievances to final review. (ECF No. 41-2.) This letter, however, is insufficient to satisfy Dr. Jin's burden of proving that Plaintiff did not exhaust his available administrative remedies. *See*

1

Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002) (failure to exhaust available administrative remedies is an affirmative defense that must be pled and proven by the defendant).

Proof of the defense of failure to exhaust must be made by a preponderance of the evidence. *See* Bailey v. Fortier, No. 09-CV-0742, 2012 WL 6935254, at *5 (N.D.N.Y. Oct. 4, 2012) (citing cases). *See also* Dale v. Poston, 548 F.3d 563, 564 (7th Cir. 2008) (noting with approval that jury was asked to determine whether defendants in PLRA case had proven non-exhaustion by a preponderance of the evidence); Andrews v. Whitman, No. 06-2447, 2009 WL 857604, at *6 (S.D. Cal. Mar. 27, 2009) (defendant must prove non-exhaustion of administrative remedies by a preponderance of the evidence). "The burden of showing something by a 'preponderance of the evidence,' the most common standard in the civil law, 'simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the [fact finder] of the fact's existence.'" Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California, 508 U.S. 602, 622 (1993) (quoting In re Winship, 397 U.S. 358, 371-72 (1970) (Harlan, J., concurring) (citation omitted)). However, the affirmative defense of failure to exhaust requires defendants to submit *admissible evidence* showing that there is an absence of evidence that a plaintiff exhausted all available administrative remedies. *See* Jones v. Bock, 549 U.S. 199, 216 (1997). Dr. Jin attempts to satisfy his burden through Keri Moore's letter. This letter, however, is not self-authenticating and its contents are not attested to; therefore, it is not "admissible" evidence under the Federal Rules.

To the extent counsel for Dr. Jin may be under the impression that his exhaustion defense can be considered if his Motion is treated as a Motion to Dismiss, he is incorrect. It appears that counsel for Dr. Jin, as well as numerous other counsel that appear before this Court on prisoner

2

civil rights matters, believes that the defense of a plaintiff's failure to exhaust can be considered in a motion to dismiss without converting it into a motion for summary judgment. These attorneys often cite to Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004), for the proposition that grievance records are considered "indisputably authentic documents" that a court may consider in motion to dismiss without converting the motion into one for summary judgment.[1]

While the undersigned recognizes that the law on this issue is far from clear, these attorneys ignore an important fact in Spruill that the undersigned has brought to their attention on more than one occasion; namely, that the district court in Spruill considered the grievance documents attached to the defendants' motion to dismiss *only* because "Spruill himself refer[ed] to the grievances in his complaint to show exhaustion." Spruill v. Gillis, No. 3:CV-01-1625 (M.D.Pa. May 29, 2002) (Doc. No. 43 at n.5.) In Spruill, the plaintiff made an affirmative representation in his complaint that he filed grievances with respect to the incidents alleged in the complaint, but he did not identify those grievances by their official numbers issued by the DOC or attach them to his complaint. The defendants identified the grievances by date and attached them as exhibits in support of their motion to dismiss. In stating that it was "proper . . . to consider the documents without the necessity to convert the motion" the district court relied on Pension Benefit Guar. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993), wherein the Third Circuit Court of Appeals held "that a court may consider an indisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss *if the plaintiff's claims are based on the document*." See Spruill, No. 3:CV-01-1625 (Doc. No. 43 at n.5) (emphasis added) (quoting Pension Benefit Guar. Corp., 998 F.2d at 1196). Thus, by

---

[1] In this case, however, Dr. Jin's counsel did not even submit Plaintiff's grievance records to support his failure to exhaust argument.

3

reasoning, it appears that the district court found that the plaintiff's claims were based on his grievance records, which they believed to be undisputedly authentic, but relied on them only because plaintiff referenced them in his complaint. This is supported by the following statement made by the Third Circuit on appeal:

> Given that the exhaustion issue turns on the indisputably authentic documents related to Spruill's grievances, we hold that we may consider these without converting it to a motion for summary judgment.

372 F.3d at 223.[2]

Although both the district court and the Third Circuit's opinions in Spruill seem to suggest that an inmate's actual grievance records are "indisputably authentic documents," the Third Circuit has yet to hold, in a published or unpublished opinion, that a district court may consider these documents in support of a defendant's motion to dismiss in a situation other than that presented in Spruill, where the plaintiff references the grievances in his complaint to show exhaustion.[3] Furthermore, it is unclear whether the courts basis for considering these documents "indisputably authentic" in Spruill was because the plaintiff himself referenced and relied on them in his complaint.

It is also worth noting that the exhibits attached to the defendants' motion to dismiss in Spruill did not include any affidavits or declarations by prison officials attesting to the plaintiff's failure to exhaust, which are often attached to motions to dismiss submitted in this Court, and the

---

[2] However, the Third Circuit noted that the defendants' motion to dismiss should have been captioned as a motion for judgment on the pleadings because the failure to exhaust administrative remedies is an affirmative defense. Id. at n.2.

[3] In fact, in a case that was issued by the Third Circuit two years prior to Spruill, the court stated that "[i]n appropriate cases, failure to exhaust may be raised as the basis for a motion to dismiss," but it declined to reach the question of under what circumstances a defendant may carry its burden of proving failure to exhaust on the pleadings except to hold that the defendants had not done so in that case. See Brown v. Croak, 312 F.3d 109, 111, n.1 (3d Cir. 2002).

4

Third Circuit has specifically said that "[r]eliance on declarations from prison officials or Corrections Department administrators requires conversion." Berry v. Klem, 283 F. App'x 1, 3 (3d Cir. 2008) (citing Camp v. Brennan, 219 F.3d 279, 280 (3d Cir. 2000)). The Third Circuit also stated that "[e]ven if the grievances, appeals, and responses are indisputably authentic . . . the declarations are evidentiary materials that cannot be considered on a motion to dismiss." Id. (citing Spruill, 372 F.3d at 223 and Camp, 219 F.3d at 280). Therefore, whenever a declaration or affidavit is attached to a defendant's motion to dismiss, conversion will always be necessary.

The undersigned acknowledges that there are other magistrate judges in this Court who do not always convert a motion to dismiss into one for summary judgment when a defendant submits exhibits in support of their argument that a plaintiff did not exhaust, even if those exhibits include a prison official's declaration; but, it is the practice of the undersigned to convert such motions, especially in cases that do not mirror the facts of Spruill. Absent any indication by the Third Circuit that district courts may do otherwise, that will remain the undersigned's practice.[4] If Dr. Jin wishes to raise the exhaustion argument again, he may do so in a subsequently filed Motion to Dismiss or Judgement on the Pleadings that will be converted into a Motion for Summary Judgment, after which the Plaintiff will be given the opportunity to engage in limited discovery and file a response in opposition thereto. If, instead, Dr. Jin wishes to raise the exhaustion issue at the summary judgment stage then he will have to wait and do so at the appropriate time.

---

[4] In a very recent opinion, the Third Circuit hinted that this conversion predicament remains unresolved. See Muhammed v. Secretary Pennsylvania Dept. of Corrections, No. 13-4358, 2015 WL 4646636, at *2, n.2 (3d Cir. Aug. 6, 2015) (noting that the inmate plaintiff did not challenge the district court's "conclusion that it was unnecessary to convert the motion to dismiss to a summary judgment motion to decide the question of exhaustion" and declining to address the issue for that reason).

Finally, Dr. Jin moves for summary judgment on the merits of Plaintiff's Eighth Amendment claim of deliberate indifference. In support he attached numerous medical records detailing the treatment plaintiff received while incarcerated. Plaintiff has not been afforded an opportunity to conduct discovery and therefore this motion is premature. Dr. Jin may refile his Motion after the parties have engaged in discovery.

**IT IS HEREBY ORDERED**, this 12th day of August, 2015, that Defendant Dr. Jin's Motion to Dismiss or, in the alternative, Motion for Summary Judgment (ECF No. 40) is denied without prejudice in part and dismissed as premature in part. Dr. Jin shall have 10 days from the date of this Order to answer or otherwise respond to Plaintiff's Complaint.

                                                        Lisa Pupo Lenihan
                                                        United States Magistrate Judge

cc:   Howard Cooper
       JT-3733
       SCI Greene
       175 Progress Drive
       Waynesburg, PA 15370